# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM ALLEN LARUE,**

        **Plaintiff,**

v.                                                  Civil Action No. 1:17cv44
                                                         (Judge Keeley)

**SGT. JUSTIN CLOSE; C.O. ONE
DONNIE LAMBERT; CPL.
SEBASTIAN PREHODO; LT.
DANIEL JAMES,**

        **Defendants.**

## REPORT AND RECOMMENDATION

The Plaintiff initiated this *pro se* civil action on March 20, 2017, by filing a complaint pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff alleges that on February 19, 2017, he was sexually assaulted by Defendants Close, Lambert and Prehodo. In addition, the Plaintiff alleges that Defendant James' deliberate indifference to his request for protection from Close, Lambert and Prehodo allowed the sexual assault to occur. For relief, Plaintiff seeks restitution, compensatory damages, punitive damages, a restraining order, injunctive relief, declaratory relief, and the arrest of Close, Lambert and Prehodo for sexual assault with a requirement that they each be required to register as sex offenders for life. The Plaintiff has filed a Motion to Proceed without Prepayment of Fees.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")").

The undersigned has reviewed the Plaintiff's filing history on PACER. Since 2004, the Plaintiff has filed twenty-one cases between the Northern and Southern District of West Virginia. Of those cases, at least three have been dismissed as being frivolous or malicious or for failure to state a claim upon which relief can be granted. *See LaRue v. Matheny*, Case No. 2:08 cv-00983 (Copenhaver, J.), which was dismissed with prejudice under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on March 4, 2010; *LaRue v. Hustler Magazine, Inc.*, Case No. 2:08-cv-01214 (Faber, J.), which was dismissed with prejudice for failure to state a claim upon which relief can be granted on March 30, 2010; and *LaRue v. Rubenstein*, Case No. 2:09-cv-00395 (Copenhaver, J.), which was dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state claim upon which relief can be granted on December 31, 2009. Therefore, based on the strikes Plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

Here, the Plaintiff makes no allegation that he is in imminent danger of serious physical injury.[1] Furthermore, in order to make a valid allegation of imminent danger of

---

[1] The undersigned acknowledges that on April 6, 2017, the Plaintiff filed a memorandum in support of his complaint in which he alleges that he "continues to be presently under imminent danger of serious physical injury." ECF No. 8 at 3. However, the Plaintiff makes no allegation which would indicate that there have been any inappropriate actions by any of the Defendants since February 19, 2017. Moreover, while the Plaintiff makes reference to an incident on January 26, 2017, involving Defendant Close, there is no description of this incident in the complaint or memorandum. Finally, it would appear that the Plaintiff filed this memorandum in a specific effort to raise the claim of imminent danger of serious physical injury after receiving Proposed Findings and Recommendation, dated March 16, 2017, from Magistrate Judge Tinsley recommending that his case in the Southern District of Wet Virginia be dismissed under the three strikes rule. *See LaRue v. Rubenstein, et al.,* 2:16cv0583. ECF No. 21.

physical harm, the danger must exist at the time the complaint is filed. *Malik v. McGinnis*, 293 F.3d 559 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (2001); *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998). It is not sufficient to allege that one had been pepper sprayed on one occasion in the past. *McKelvie*, 239 F.3d 307. Nor is it sufficient to allege that one was in the past deprived of the appropriate medical case. *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996). The exception to the "three strike rule" "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

In the instant complaint, the Plaintiff makes an allegation of alleged sexual assault which occurred on February 19, 2017. The Plaintiff alleges that Defendants Close, Pehoda and Lambert grabbed his genitals and forcibly groped him. In addition, the Plaintiff alleges that Defendants Close and Lambert each pinned him face down on the ground and laid on top of him. The Plaintiff maintains that each had an erection and the penis of each made contact with his anus through their clothing. Finally, the Plaintiff alleges that Defendant Close kicked him in his right ribs and stomach ten times and punched him in his right ribs and stomach ten times for his sadistic sexual gratification while Defendant Lambert pinned him face down on the floor.

The Plaintiff does not allege that this behavior was so continuous that he is still in danger. Therefore the undersigned concludes that the complaint does not alleges the existence of imminent danger of physical harm.

For the foregoing reasons, it is hereby **RECOMMENDED** that the Plaintiff's motion

to proceed *in forma pauperis* [ECF No. 2] be **DENIED** and this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when the prisoner in not entitled to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he **initiates** the suit.") (emphasis in original).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: April 12, 2017

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE