IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM ALLEN LARUE,**

    **Plaintiff,**

**v.**                   //        **CIVIL ACTION NO. 1:17CV44**
                                                 **(Judge Keeley)**

**SGT. JUSTIN CLOSE, ET AL.,**

    **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11]

On March 20, 2017, the pro se plaintiff, William Allen LaRue ("LaRue"), filed a complaint pursuant to 42 U.S.C. § 1983 (dkt. no. 1), alleging that the defendants sexually assaulted him on February 19, 2017. Further, LaRue filed a motion to proceed in forma pauperis ("IFP"), which would allow him to proceed without prepayment of the necessary fees (dkt. no. 2). The Court referred the complaint to United States Magistrate Judge Robert W. Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On April 12, 2017, Magistrate Judge Trumble issued his R&R, recommending that the Court dismiss without prejudice LaRue's complaint for failure to pay the required filing fees (dkt. no. 11). After reviewing LaRue's litigation history, the R&R concluded that he was a serial litigator, filing no less than twenty-one cases in federal court, at least three of which qualify as strikes

under 28 U.S.C. § 1915(g).[1] Furthermore, it concluded that LaRue could not demonstrate any imminent danger of serious physical injury from the defendants because he did not allege the behavior was so continuous he was still in danger. Id. at 3. LaRue filed timely objections to the R&R (dkt. no. 13).

### STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions of the R&R to which an objection is timely made. See 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In such cases, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object."

---

[1] The in forma pauperis statute, 28 U.S.C. § 1915(g), commonly referred to as the "three-strikes rule," provides that:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Dellaciprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Further, courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Finally, objections that reiterate the same arguments already presented and fully addressed in the R&R "lack the specificity required by Rule 72 and have the same effect as a failure to object." Phillips v. Astrue, 2011 WL 5086851, at *2 (W.D.Va. Oct. 25, 2011 ) (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D.Va. 2008)).

## DISCUSSION

LaRue objects to the R&R's conclusion that he is subject to the three-strikes rule. He does not dispute that he has had three or more suits dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Rather, he contends that he is excused from the three-strikes rule because he is "under imminent danger of serious

physical injury." Id. In support, he attached to his objections his own sworn affidavit largely reiterating the allegations in his complaint (dkt. no. 13-2).

LaRue's objection, however, raises no new argument, as Magistrate Judge Trumble clearly addressed whether LaRue was under imminent danger of serious physical injury. The R&R thoroughly analyzed that issue, noting that LaRue's allegations of sexual assault stem from a lone incident that occurred on February 19, 2017, and that he has made no allegations of inappropriate conduct since that date[2] (dkt. no. 11 at 2-3). Because a plaintiff has to be in physical danger at the time the complaint is filed,[3] the R&R concluded that LaRue was not under imminent danger of serious physical injury from the defendants. Id. at 2-3.

LaRue's objections are merely a reiteration of the factual allegations of his complaint. He does not argue that the R&R

---

[2] The R&R states LaRue made reference to an incident on January 26, 2017, involving defendant Close, but did not provide a description of the incident in his complaint or subsequent memorandum. Although LaRue finally provides some further details of the January 26 incident in his objections, that incident, which occurred even before the alleged February 19 incident, still fails to establish that LaRue was under any imminent danger of serious physical injury at the time he filed his complaint.

[3] See Dickson v. United States, 2017 WL 1086215, at *3 (N.D.W.Va. 2017) (citing Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007); Stine v. U.S. Federal Bureau of Prisons, 465 Fed.Appx. 790, 793 (10th Cir. 2012)).

misapplied or somehow misinterpreted the law; he simply does not like the outcome. His chief objection is that he is still at imminent risk of physical harm, noting "constant fear, anxiety, general pain, chest and ribs pain, chronic nightly nightmares, difficulty sleeping, and difficulty getting in and out of bed, and lack of sleep" (dkt. no. 13 at 1).

The R&R, however, clearly addressed this issue. It noted that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see also Dickson, 2017 WL 1086215, at *3 (noting requirement that imminent danger must be "real and proximate" and "specific or crdible"). LaRue does not allege that the defendants' conduct was so continuous that he is still in danger; indeed, his complaint makes no allegation of any conduct whatsoever by the defendants towards him following February 19, 2017. Accordingly, because LaRue presents no "specific error of the magistrate's review," and simply reiterates arguments previously presented and addressed in the R&R, the Court need not conduct a de novo review. Orpiano, 687 F.2d at 47.

**CONCLUSION**

Having reviewed the record and the R&R, and finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 11), **OVERRULES** LaRue's objections (dkt. no. 13), **DENIES** his motion to proceed IFP (dkt. no. 2), **DISMISSES** his complaint **WITHOUT PREJUDICE** (dkt. no. 1), and **ORDERS** the Clerk to remove this case from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: July 12, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE